IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARNULFO ACOSTA, #94381-198, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  2:13-CV-309-TMH |
| | ) | [WO] |
| J. RANDALL MCNEILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the La Tuna Federal Correctional Institution in Anthony, Texas, files this 42 U.S.C. § 1983 action against J. Randall McNeill, former Deputy Director of the Alabama Securities Commission, and Elmore County, Alabama. He complains that Defendants violated his equal protection right in regard to charges brought against him for securities fraud, sale of unregistered securities, and being an unregistered securities agent. Plaintiff requests dismissal of his conviction and over $6 million in damages. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. BACKGROUND

According to the complaint, on or about September 8, 2005 Plaintiff, who is Hispanic, along with three other individuals, who are Caucasian, were indicted by a federal grand jury in the United States District Court for the Southern District of California on charges arising from a Ponzi scheme. In conjunction with unidentified federal agencies, the Alabama Securities Commission investigated this Ponzi scheme with regard to events which had occurred in Elmore County, Alabama. Subsequently, am Elmore County grand jury indicted Plaintiff on or about July 31, 2006, on two counts of securities fraud, one count of unregistered securities, and one count of an unregistered securities agent. Plaintiff ultimately entered a guilty plea to one charge of sale of an unregistered security and the trial court sentenced him to a five year term of imprisonment to run concurrent with his federal sentence. (*Doc. No. 1*.)

On March 16, 2012 Plaintiff states that he wrote to the Elmore County Circuit Court Clerk to follow up on a motion for clarification of judgment he filed on May 16, 2011. Having previously heard rumors that his co-defendants in the California federal criminal action had not been charged in regard to the Elmore County case, he also requested in his March 16, 2012, letter information from the Alabama state court in this regard. On May 3, 2012, the Elmore County Circuit Court Clerk, referencing correspondence from Plaintiff dated April 17, 2012, informed him that the co-defendants listed in his letter did not have a case in the Circuit Court nor was there anything to indicate that any case or cases against them had been dismissed. It was at this time, Plaintiff claims, that he determined that the

charges filed against him in the Alabama state court were based on a discriminatory motive due to his ethnicity inasmuch as his white California co-defendants were not subject to prosecution in Alabama by the named defendants. (*Doc. No. 1, Exh. A.*)

A. *Defendant McNeill*

To the extent Plaintiff challenges Defendant McNeill's conduct in initiating and prosecuting criminal charges against him for offenses related to securities fraud, such claims are subject to dismissal. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the

> other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendant McNeill arise from this defendant's role "as an 'advocate' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant McNeill is, therefore, "entitled to absolute immunity for that conduct." *Id*. Moreover, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court proceedings related to his criminal conviction before the Circuit Court for Elmore County, Alabama. *See Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982). Thus, Plaintiff's complaint against Defendant McNeill is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

B. *Elmore County, Alabama*

Plaintiff names Elmore County as a defendant to this action. Governmental entities such as Elmore County, however, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior. See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). Instead, such entities may be held liable only for the execution of a governmental policy or custom. *Id.; see also Canton v. Harris,* 489 U.S. 378, 385 (1989) ("[A] municipality

can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." (emphasis in original)). It is well-settled that an entity can be held monetarily liable only through " 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,' " or " 'for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making body.' " *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121 (1988) (quoting *Monell,* 436 U.S. at 690-91).

In light of the foregoing, and in light of the allegations asserted in the complaint, the court finds that Elmore County, Alabama is not liable under § 1983 for the actions about which Plaintiff complains.  The claims against this defendant are, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

*C.  Unlawful Arrest*

Plaintiff asserts in conclusory fashion that he was subjected to an unlawful arrest. By showing that he entered a guilty plea to one of the charges stemming from his arrest by Alabama authorities, and without more being presented by Plaintiff, it appears that his arrest was valid.  Plaintiff has presented no allegations to show the invalidity of his arrest separate from his conviction. Thus, his unlawful arrest claim is subject to dismissal as a conviction establishes probable cause for his arrest, and the conviction and existence of probable cause are a bar to an unlawful arrest claim. *See Rushing v. Parker,* 599 F.3d 1263, 1265 (11th Cir.

2010); *see Case v. Eslinger,* 555 F.3d 1317, 1326–27 (11th Cir. 2009) (probable cause constitutes a complete defense to a false arrest claim).

D.  *The Challenge to Plaintiff's Conviction*

To the extent Plaintiff seeks to challenge the fundamental legality of his state court conviction and sentence based on his allegation of selective prosecution, such claim provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court

determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

Plaintiff's selective prosecution claim represents a challenge to the constitutionality of his 2009 conviction and sentence for the sale of an unregistered security entered against him by the Circuit Court for Elmore County. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of his conviction and/or sentence. This also applies to Petitioner's claims under §§ 1981, 1982, 1985, and 1986. *See McQuillon v. Schwarzenegger,* 369 F.3d 1091, 1098 n. 4 (9th Cir. 2004) ("We agree with our sister circuits that *Heck* applies equally to claims brought under §§ 1983, 1985 and 1986"); *Lanier v. Bryant,* 332 F.3d 999, 1005–06 (6th Cir. 2003) (applying *Heck* to § 1985 action); *Amaker v. Weiner,* 179 F.3d 48, 52 (2nd Cir. 1999) ("*Heck* therefore applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims"); *Descent v. Kolitsidas,* 396 F. Supp.2d 1315, 1319 (M.D.Fla. 2005) (applying *Heck* bar to plaintiff's claim under section 1985 that the defendants conspired to interfere with his criminal trial by intimidating him and witnesses favorable to his defense).

It is clear from the instant complaint that the conviction and/or sentence about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the

instant collateral attack on the conviction and/or sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendants McNeill and Elmore County be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

2. Plaintiff's challenge to the constitutionality of the conviction and/or sentence imposed upon him by the Circuit Court for Elmore County, Alabama, be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3. This complaint be DISMISSED prior to service of process.

 It is further

ORDERED that on or before **October 9, 2013** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or

general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of September 2013.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE